United States District Court
Southern District of Texas
**ENTERED**
October 26, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| MAURO  SERRANO III, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-77 |
| | § | |
| REPUBLIC SERVICES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").  Pending are the Defendants' Motion for Summary Judgment (D.E. 135) and the Plaintiffs' Motion for Partial Summary Judgment (D.E. 136).  As discussed more fully below, the undersigned recommends Defendants' Motion for Summary Judgment be **GRANTED**, Plaintiffs' Motion for Partial Summary Judgment be **DENIED,** and Plaintiffs' action for FLSA relief be **DISMISSED**.

## I.      JURISDICTION

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper in this Court because a substantial part of Plaintiffs' labor and compensation occurred in Nueces County, Texas, and other areas located in the Southern District of Texas.  This case has been referred to the undersigned for case

management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    BACKGROUND

Plaintiffs are a group of current and former waste disposal drivers employed by Defendants Republic Services, Inc. ("Republic"), Browning-Ferris Industries Waste Services of Texas, LP ("BFI"), Republic Waste Services of Texas, Ltd. ("RWS"), Allied Waste Systems, Inc. ("Allied Waste Systems"), and Allied Waste Services of Fort Worth, LLC ("Allied Waste Services") (collectively "Defendants").  (D.E. 56, Page 2).  Plaintiffs are employed at Defendants' facilities throughout the State of Texas.  (D.E. 56, Page 6).  Defendants' waste disposal drivers, including Plaintiffs, collect, transport, and dispose of waste.  (D.E. 56, Page 13).  Plaintiffs all performed the same or similar work, and were subject to the same or similar compensation plans. (D.E. 56, Page 6).  Plaintiffs are all non-exempt employees under the FLSA.  (D.E. 56, Page 13).

Defendants provide waste collection and transfer services and operate waste disposal facilities throughout Texas.  (D.E. 56, Page 10).  Defendants BFI, RWS, Allied Waste Systems, and Allied Waste Services are subsidiaries or affiliates of Defendant Republic.  (D.E. 56, Pages 6-8).  Defendant Republic operates waste services in three geographic regions throughout the United States: East, Central, and West.  (D.E. 56, Page 11).  In Texas, Defendant Republic provides its services jointly with Defendants BFI, RWS, Allied Waste Systems, and Allied Waste Services.  (D.E.

56, Page 11).   Defendants represent themselves to the public as one company—Republic Services.   (D.E. 56, Page 11).   Defendants' operations include residential, commercial, and industrial divisions, each of which employs waste disposal drivers. (D.E. 56, Page 13).   Defendants are covered employers under the FLSA.   (D.E. 56, Page 6).

Defendants compensate Plaintiffs using various combinations of day, piece (e.g., per cubic yards or tons of waste collected, per haul, per home, etc.), and hourly rates.   (D.E. 56, Page 14).   The amount Plaintiffs received varied depending on the location and type of work (i.e., residential, commercial, industrial).   (D.E. 135, Page 10).  If Plaintiffs worked more than forty hours in a workweek, Defendants paid them overtime.   (D.E. 56, Page 14).   The following Plaintiffs demonstrate several of Defendants' compensation methods and how Defendants calculated overtime.[1]

Plaintiff Mauro Serrano III, an industrial driver employed at Defendants' Corpus Christi facility, was paid through a combination of piece and day rates.  (D.E. 135-1, Page 3).  Plaintiff Serrano's compensation plan included a certain amount for each haul he performed from Monday to Friday (depending on the type of work involved), a set day rate, and an extra $10 per haul on Saturdays.  (D.E. 135-1, Page 3).   For the week ending December 14, 2013, Plaintiff Serrano earned a total of $1,300.31, which includes overtime pay.  (D.E. 135-1, Page 5).  He received $104.00 for 4 hauls on Monday, $217.00 for 6 hauls on Tuesday, $217.50 for 6 hauls on

---

[1] The parties agree that these examples illustrate how Defendants determined overtime compensation.   The dispute is whether this method of calculating overtime violates the FLSA.

Wednesday, $175.00 for 8 hauls on Thursday, and $276.00 for 8 hauls on Friday. (D.E. 135-1, Page 7). On Saturday, Plaintiff Serrano received a day rate of $118.00 and $30.00 for 3 hauls. (D.E. 135-1, Page 4). His weekly compensation (before overtime pay) totaled $1,137.50 when combining piece rate and day rate compensation. (D.E. 135-1, Page 4). During that week, Plaintiff Serrano worked 56.04 hours, and received $162.81 in overtime earnings for the hours he worked in excess of 40. (D.E. 135-1, Page 5). Defendants calculated his overtime pay by determining his regular hourly rate (non-overtime earnings/total hours=$1,137.50/56.04 hours), multiplying that by 16.04 (Plaintiff Serrano's overtime hours), and then multiplying again by one-half (0.5).[2] (D.E. 135-1, Pages 4-5).

Plaintiff Larry Langham, an industrial driver who worked at Defendants' Brenham facility, was paid through a combination of day, piece, and hourly rates. (D.E. 135-3, Pages 2-4). Langham's compensation plan included a set day rate, additional pay per haul (dependent on the zone), and hourly pay for downtime in certain circumstances, such as when his truck was inoperable. (D.E. 135-3, Pages 3-4). For the week ending November 5, 2011, Langham received $1,220.33 (before overtime pay): $1,138.55 in piece rate compensation, $21.19 in day rate compensation, and $60.59 in hourly rate compensation. (D.E. 135-3, Page 5). Defendants calculate Plaintiff Langham's regular hourly rate the same way as with Plaintiff Serrano's, dividing his total weekly compensation ($1,220.33) by his total hours worked that

---

[2] The justification for using a 0.5 multiplier, rather than a 1.5 multiplier, for certain Plaintiffs is that such Plaintiffs were already compensated for each hour worked, including the overtime hours, so these Plaintiffs are only entitled to 50% more. *See, e.g.,* 29 U.S.C.A §§ 778.110, 778.111, 778.112.

week (46.83), resulting in a regular rate of $26.06.  (D.E. 135-3, Page 5).  Langham received the regular rate for the non-overtime hours he worked (40 hours multiplied by $26.06=$1,042.35), and the regular rate multiplied by one and one-half (1.5) for the hours he worked in excess of 40 (6.83 hours multiplied by $39.09=$266.97).  (D.E. 135-3, Pages 4-6).  Therefore, for the week ending November 5, 2011, Langham received $266.97 in overtime pay and a total of $1,309.32.  (D.E. 135-3, Page 6).

Plaintiff Victor Bates, a commercial driver who worked at Defendants' Houston facility, was paid through a combination of day, piece, and "non-incentive" rates. (D.E. 136, Pages 11-12).   In the example provided by Plaintiffs, Plaintiff Bates' earnings totaled $2,140.71, including overtime pay, for the week ending January 18. (D.E. 136, Page 12).  Plaintiff Bates received a daily $211.48 "Base Rate," resulting in $1,268.90 day rate compensation for the six days he worked that week.  (D.E. 136, Page 12).  He also was paid $0.7488 per lift and performed 734 lifts, resulting in $549.59 piece rate compensation.  (D.E. 136, Page 12).   Finally, Plaintiff Bates received $27.34 non-incentive pay for working one "non-incentive" hour.  (D.E. 136, Page 12).  His weekly remuneration (before overtime pay) equaled $1,845.84 when combining day rate, piece rate, and non-incentive rate compensation.  (D.E. 136, Page 12).  During this week, Plaintiff Bates worked 58.78 hours total (his hours varied by day).  (D.E. 136, Page 12).  He received $294.87 in overtime earnings for the hours he worked in excess of 40 (for this week, 18.78 overtime hours).  (D.E. 136, Page 12). Defendants calculated Plaintiff Bates' overtime pay by determining his regular hourly

rate (non-overtime earnings/total hours=$1,845.84/58.78 hours), multiplying that by 18.78 (Plaintiff Bates' overtime hours), and then multiplying again by one-half (0.5). (D.E. 136, Page 12).

The other Plaintiffs all had compensation plans similar to Plaintiffs Serrano, Langham, and Bates.   (D.E. 135, Page 9-10).   Their overtime payments were calculated using either the method exemplified in Plaintiffs Serrano and Bates' pay sheets or the method exemplified in Plaintiff Langham's pay sheet.  (D.E. 135, Pages 15-16).

On March 13, 2013, Plaintiffs filed a collective action on behalf of themselves and other drivers similarly situated, claiming Defendants violated the FLSA by failing to pay Plaintiffs time and one-half for each hour worked in excess of 40 hours per workweek.   (D.E. 1, Page 2).   Approximately 515 Plaintiffs from 24 facilities throughout Texas have opted in to join this action.  (D.E. 135, Page 9).  Plaintiffs' Second Amended Collective Action Complaint, (D.E. 56), also alleged that Defendants failed to compensate Plaintiffs for overtime hours worked off the clock and for work performed during meal periods, but Plaintiffs have subsequently settled this aspect of the case and have agreed to withdraw all claims and allegations relating to this "off-the-clock" work.[3]  (D.E. 130, Page 1 and D.E. 149, Page 5).

---

[3] In their Supplemental Briefing in Support of their Motion for Summary Judgment (D.E. 148), filed September 29, 2016, Plaintiffs claim they were not compensated for all hours worked.  (D.E. 148, Page 2).  Plaintiffs argue that because Defendants' day rates are calculated using an estimate of non-production hours rather than the actual non-production time, they have not been compensated for part of their non-production time.  (D.E. 148, Page 5).  In this case, Plaintiffs define "non-production time" as "the time spent by an employee that is not related to the production of the piece," which consists of "(1) pre-trip inspection/paperwork; (2) post-trip inspection/paperwork; (3) landfill time; (4) vehicle malfunctions; (5) driving time; and (6) traffic." (D.E. 148,

On July 29, 2014, this Court granted conditional certification of Plaintiffs' collective action. (D.E. 41).  Discovery was scheduled to end on May 15, 2016.  (D.E. 130).  A jury trial before U.S. District Judge Nelva Gonzales Ramos is set for January 30, 2017.  (D.E. 147).

On June 1, 2016, Defendants filed a motion for summary judgment on the issue of the proper calculation of Plaintiffs' regular rate.  (D.E. 135).  Plaintiffs filed a response on June 22, 2016.  (D.E. 140).  Defendants filed a reply on July 13, 2016.  (D.E. 141).  On June 1, 2016, Plaintiffs filed a motion for partial summary judgment on the issues of the proper calculation of Plaintiffs' regular rate, damages, and Defendants' willfulness.  (D.E. 136).  On June 22, 2016, Defendants filed a response to Plaintiffs' motion for partial summary judgment.  (D.E. 139).  On July 13, 2016, Plaintiffs filed a reply.  (D.E. 142).  The parties submitted supplemental briefing on September 29, 2016 and October 6, 2016.  (D.E. 148 and D.E. 149).

## III.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56.  An issue is material if its resolution could affect the outcome of the action. *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001).  The Court must

---

Page 4).  Plaintiffs also argue that using estimated non-production time in determining the day rates violates the record-keeping requirements of the FLSA, and that it is evidence of Defendants' willful conduct.  (D.E. 148, Pages 5-6).  Since it is this Court's understanding that the parties have settled all "off-the-clock" claims (D.E. 149, Page 5), the Court will construe Plaintiffs' claim as supporting its contention that Defendants acted willfully rather than as a new claim that Defendants failed to compensate Plaintiffs for overtime hours worked off the clock.

examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).  In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, drawing all justifiable inferences in favor of the party opposing the motions.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Generally, the Court will not weigh the evidence or evaluate the credibility of witnesses.  *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

The movant bears the initial burden of showing the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant demonstrates there is an absence of evidence to support the nonmovant's case, the nonmovant must come forward with specific facts showing that there is a genuine issue for trial.  *See Matsushita*, 475 U.S. at 587.  To sustain this burden, the nonmovant cannot rest on the mere allegations of the pleadings.  *See Celotex*, 477 U.S. at 324; *Caboni*, 278 F.3d at 451; Fed. R. Civ. P. 56(e).  After the nonmovant has been given an opportunity to raise a genuine factual issue, summary judgment will be granted if no reasonable juror could find for the nonmovant.  *Caboni*, 278 F.3d at 451.

Where there are cross-motions for summary judgment, the party bearing the burden of proof at trial must satisfy not only the initial burden of production on the summary judgment motion by showing that there is no genuine issue of material fact,

but also the burden of persuasion on the claim itself by showing that it would be entitled to judgment as a matter of law at trial. *Provenza v. Gulf S. Admin. Servs., Inc.*, 67 F.Supp.2d 617, 619 (M.D. La. 1999). Each motion must be considered separately because each movant bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 562 (5th Cir. 2012). If there is no genuine issue of fact and one party is entitled to prevail as a matter of law, the Court may render summary judgment. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 539 (5th Cir. 2004).

## IV.   DISCUSSION

Plaintiffs' and Defendants' Motions for Summary Judgment broadly concern the same subject matter: whether the formula used by Defendants to calculate overtime compensation violated the FLSA. Plaintiffs also seek summary judgment on the issues of damages and Defendants' willfulness.

### A.   *Proper Calculation of Plaintiffs' Regular Rate*

#### 1.   *Standard*

The FLSA requires employers to compensate employees for overtime hours at a rate not less than one and one-half times the employee's regular rate of pay. 29 U.S.C. § 207(a)(1). "Regular rate" is defined as the hourly rate actually paid the employee for "all remuneration for employment." *Id.* § 207(e); *see also Ransom v. M. Patel Enters.*, 734 F.3d 377, 381 n. 7 (5th Cir. 2013) ("Wage divided by hours equals regular rate.")

(quoting *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 580 n. 16 (1942)).  The Fifth Circuit has instructed that "[i]n determining the regular rate, we are guided by the regulations provided by the Department of Labor." *Singer v. City of Waco*, 324 F.3d 813, 823 (5th Cir. 2003) (citations omitted).  The Department of Labor ("DOL") issued an interpretive bulletin stating the general rule for calculating an employee's regular rate:

> The "regular rate" under the Act is a rate per hour. The Act does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission, or other basis, but in such case the overtime compensation due to employees must be computed on the basis of the hourly rate derived therefrom…. The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment…in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid.

29 C.F.R. § 778.109.  This determination "becomes a mathematical computation once the parties have decided on the amount of wages and the mode of payment, which is unaffected by any designation to the contrary in the wage contract." *Gagnon v. United Technisource, Inc.,* 607 F.3d 1036, 1041 (5th Cir. 2010) (citing *Bay Ridge Operating Co. v. Aaron,* 334 U.S. 446, 441 (1948)).  The FLSA does not dictate the method of compensation—the U.S. Supreme Court emphasized that "[a]s long as the minimum hourly rates established by Section 6 [of the FLSA] are respected, the employer and employee are free to establish this regular rate…in any manner they see fit." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945).

The DOL has provided examples of how to compute the regular rate for different compensation schemes. *See* 29 C.F.R. § 778.109 *et seq.* ("The following sections give some examples of the proper method of determining the regular rate of pay in particular instances."). For employees receiving hourly, piece, or day rates, the regular rate is calculated by dividing total weekly compensation by all hours worked. *See id.* §§ 778.110, 778.111, 778.112. When employees receive a fixed salary and the hours they work fluctuate each week ("fluctuating workweek" or "FWW"), the employer should determine the regular rate by "dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement." *Id.* § 778.114(a). However, "[i]f the employee is employed solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by *the number of hours which the salary is intended to compensate*," rather than the total hours worked in a week. *Id.* § 778.113(a) (emphasis added). This compensation method (where an employee is paid a specific weekly salary for a fixed, non-fluctuating, number of hours) is the only one in which the denominator for the regular rate calculation is not all hours worked in a week. *See id.* § 778.109 *et seq.*

For employees who are compensated by more than one rate, "the combined pay for those rates must be used in calculating all remuneration for employment. The total remuneration for employment is then divided by the total number of hours actually worked in that workweek." *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1311-12 (11th Cir. 2007) (citations omitted).  The DOL regulations do not mandate that different types of work be performed in order for this method to be used.  *See id.* at 1312-13.  This is consistent with the general rule: dividing the total compensation during a period by all hours for which the remuneration was intended to compensate. *See* 29 C.F.R. § 778.109.  Finally, while the number of hours for which remuneration has been given to an employee as compensation is a question of fact, "once the regular rate of hourly pay [has] been determined, the appropriate methodology to determine the total amount owed, [is] a question of law." *Ransom*, 734 F.3d at 381.

### 2.    *Calculation of Regular Rate*

Plaintiffs and Defendants are in agreement about the methods of remuneration used by Defendants to compensate Plaintiffs for the hours they worked.  Each has presented the Court with paystubs identifying the hours worked and payment calculations used to compensate Plaintiffs.  (D.E. 135-1 to 135-11 and D.E. 136-15 to 136-22).  In this case, there is no genuine dispute that Plaintiffs were compensated for all hours worked during the week individually, as shown by the paystubs and

Plaintiffs' own Responses to Defendants' Requests for Admission.[4]  (D.E. 135, Page 14).

Defendants calculate total remuneration by using a variety of different rates, whose applicability is dependent upon whether the driver is assigned to residential, commercial, or industrial routes, the job being done, and the time or day of the week the job is being performed.  Although Plaintiffs are not compensated solely by an hourly rate, DOL regulations state that for the purposes of computing overtime, "the regular rate under the [FLSA] is a rate per hour….The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment…in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."  29 C.F.R. § 778.109.  Defendants add up a driver's compensation from his individual rates (piece, day, hourly, etc.) and divide this total amount by all hours worked by the driver to determine his regular rate. Defendants then multiply this rate by one-half[5] and again by the hours the driver

---

[4] In Plaintiffs' Supplemental Responses to Defendants' Requests for Admissions, Plaintiffs admit they were compensated for all hours worked. *See* D.E. 149-1, Pages 6-7.  In their Supplemental Briefing in Support of their Motion for Summary Judgment (D.E. 148), Plaintiffs claim they were not compensated for all hours worked. (D.E. 148, Page 2).  Plaintiffs assert that since Defendants' day rates were calculated using an estimation of Plaintiffs' non-production hours, rather than actual non-production hours worked, they were not compensated for their actual non-production time.  (D.E. 148, Page 2).  This type of compensation scheme is not impermissible, however.  The DOL interpretive bulletin recognizes that day rates do not have to take actual hours worked into account.  *See* 29 C.F.R. § 778.112 ("If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job…").  While the day rates may have been calculated according to an estimation of non-production hours, it is apparent from Plaintiffs' paystubs that they were compensated for all hours worked rather than just the first forty hours.

[5] In some instances (as with Plaintiff Langham, discussed *supra*), Defendants used a one and one-half (1.5) multiplier rather than a one-half (0.5) multiplier.  For these situations, Defendants had not already compensated the Plaintiffs for their overtime hours at the regular rate, so these Plaintiffs were entitled to overtime compensation at one and one-half their regular rate rather than only additional half-time compensation. Although the methods of computation slightly differ, they are mathematically equivalent and result in the same overall compensation, discussed *infra*.

worked in excess of forty to compute his overtime payment.  Defendants' method can

be simplified with the following formulas:

> [Total Compensation (Day Rates + Per Unit + Hourly
> Rate) ÷ All Hours Worked] = Regular Rate

> Regular Rate x 0.5 x (Hours Worked – 40) = Overtime
> Due to Employee

Defendants' method is consistent with the FLSA and the DOL interpretive

bulletin.  Although the examples provided by the DOL do not exactly correspond to

Defendants' compensation plans, the interpretive bulletin is instructive in this case.

Many Plaintiffs are compensated with piece rates (in addition to other rates).  For this

method of compensation, the applicable DOL regulation states:

> When an employee is employed on a piece-rate basis, the regular hourly
> rate of pay is computed by adding together total earnings for the
> workweek from piece rates and all other sources (such as production
> bonuses) and any sums paid for waiting time or other hours worked
> (except statutory exclusions). This sum is then divided by the number of
> hours worked in the week for which such compensation was paid, to
> yield the pieceworker's "regular rate" for that week. For overtime work
> the pieceworker is entitled to be paid, in addition to the total weekly
> earnings at this regular rate for all hours worked, a sum equivalent to
> one-half this regular rate of pay multiplied by the number of hours
> worked in excess of 40 in the week….*Only additional half-time pay is
> required in such cases where the employee has already received
> straight-time compensation at piece rates or by supplementary payments
> for all hours worked*. Thus, for example, if the employee has worked 50
> hours and has earned $491 at piece rates for 46 hours of productive work
> and in addition has been compensated at $8.00 an hour for 4 hours of
> waiting time, the total compensation, $523.00, must be divided by the
> total hours of work, 50, to arrive at the regular hourly rate of pay—
> $10.46. For the 10 hours of overtime the employee is entitled to
> additional compensation of $52.30 (10 hours at $5.23). For the week's
> work the employee is thus entitled to a total of $575.30 (which is
> equivalent to 40 hours at $10.46 plus 10 overtime hours at $15.69).

29 C.F.R. § 778.111 (emphasis added).   For an employee paid by day rates, the appropriate DOL regulation states that "his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked."   *Id.* § 778.112.   Such an employee "is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek."   *Id.*   For an employee paid at an hourly rate, "the hourly rate is the 'regular rate.'   For overtime hours of work the employee must be paid, in addition to the straight time hourly earnings, a sum determined by multiplying one-half the hourly rate by the number of hours worked in excess of 40 in the week."   *Id.* § 778.110.   Defendants' combine different forms of compensation, but their method of calculating Plaintiffs' regular rate and the resulting overtime still accords with the default rule from the DOL examples.   The First Circuit recently held that an employer combining two different methods of compensation (fixed weekly salary and commissions paid weekly) given by the DOL interpretive bulletin did not violate the FLSA.   *Lalli v. Gen. Nutrition Ctrs., Inc.*, 814 F.3d 1, 10 (1st Cir. 2016) ("[Defendants'] pay scheme epitomizes the compensation arrangements illustrated in sections 778.114 and 778.118, and the mere combination of these two permissible methods does not render the former inapplicable.").

Plaintiffs contend this method of pay is unlawful under the FLSA. (D.E. 56, Page 14).   In contrast, they argue the proper calculation of the regular rate is found by

dividing total remuneration over a pay period by forty hours.  (D.E. 136, Page 15).

Plaintiffs' method is represented by the following equations:[6]

> [Total Compensation (Day Rate + All Other Forms of
> Compensation) ÷ 40] = Regular Rate
>
> Regular Rate x 1.5 x (Hours Worked – 40) = Overtime
> Due to Employee

The Fifth Circuit has acknowledged that the "general rule" is to divide an employee's total compensation by all hours worked rather than only non-overtime hours.[7]  *See Ransom*, 734 F.3d at 381 n. 7.  Plaintiffs' method was rejected by the Tenth Circuit, which held that "the FLSA hourly regular rate is calculated by dividing the relevant weekly compensation by the actual hours worked, rather than the normal workweek."  *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1313 (10th Cir. 2011).  Such an interpretation comports with the language of the DOL regulation.  *See* 29 C.F.R. § 778.109 (stating that the proper denominator is "the *total number of hours actually worked* by [the employee] in that workweek for which such compensation was paid") (emphasis added); *see also Zumerling v. Devine*, 769 F.2d 745, 752 (Fed.

---

[6] Plaintiffs use slightly different, but mathematically equivalent, formulas in their Motion for Summary Judgment.  (D.E. 136, Page 15).

[7] The Fifth Circuit elaborated: "This general rule, however, is slightly modified when an employee is paid a specific weekly salary for a specified number of hours—that is to say, a non-fluctuating workweek: the regular rate is then calculated by 'dividing the salary by the number of hours which the salary is *intended to compensate*.' Thus, when an employee receives fixed pay for a specific number of predetermined hours (say, 40), the regular rate equals pay divided by that same number of hours, but when he receives fixed pay for unspecified hours that fluctuate week by week, the regular rate equals pay divided by all hours actually worked in the workweek." *Id.* (citing 29 C.F.R. §§ 778.113(a), 778.114(a) (emphasis in original)); *see also Martinez v. Refinery Terminal Fire Co.*, No. 2:11-CV-295, 2014 WL 7188777, at *11 (S.D. Tex. Dec. 16, 2014) ("when determining the regular rate, the parties must use all hours worked as the denominator"). Here, Plaintiffs were compensated at varying rates (hourly, day, piece, etc.) rather than a fixed salary for a non-fluctuating workweek, which means that Plaintiffs' regular rate should be calculated according to the general rule: dividing total weekly remuneration by all hours worked.

Cir. 1985) (holding that the DOL interpretive bulletin "clearly indicate[s]" that the regular rate should be calculated using all hours worked, and rejecting the argument that "the total hours used to compute an hourly rate cannot include overtime hours, even if remuneration included in calculating the rate is received for them").

Plaintiffs also contend Defendants improperly used a "half-time" multiplier, resulting in an underpayment of the compensation owed for overtime hours.  However, the DOL interpretive bulletin recognizes that the use of a one-half multiplier is permissible.   *See* 29 C.F.R. §§ 778.110, 778.111, 778.112.   The *Chavez* court addressed the contention that an employer's use of the one-half multiplier is insufficient; as the Tenth Circuit pointed out, "[t]he same result is achieved if [an employer] pays straight time for all hours and an additional one-half straight time on overtime hours, or if [an employer] pays straight time for non-overtime hours and one and one-half straight time on overtime hours." *Chavez*, 630 F.3d at 1313.  Essentially, since Plaintiffs were already compensated at the regular rate for overtime hours, they are only owed an additional one-half of the regular rate for those hours under the FLSA. *See Hanson v. Camin Cargo Control, Inc.*, No. CIV.A. H-13-0027, 2015 WL 1737394, at *8 (S.D. Tex. Apr. 16, 2015) ("Because the [employees] have already received straight-time pay for all hours worked,…they are entitled only to additional half-time pay for each overtime hour.").

The following example will illustrate this point: assume that a driver receives $15 per hour for his work Monday through Friday, a day rate of $100 for working on

Saturday, and an additional $10 for each haul on Saturday.  For a particular week, the driver works 60 hours and has 5 hauls on Saturday.  To calculate the driver's regular rate, add up his total compensation for the week: ($15/hour)(60 hours) + ($100 day rate) + ($10/haul)(5 hauls) = $1050.  This $1050 (the driver's total remuneration for that week) is divided by 60 (the total hours he worked), resulting in a regular rate of $17.50.  Defendants may calculate overtime using either of two methods:

> **Method 1**[8]: ($17.50 regular rate)(60 hours) + **(0.5 multiplier)**($17.50 regular rate)(20 overtime hours) = $1050 (weekly compensation) + $175 (overtime premium) = $1225 (driver's total pay)

> **Method 2**[9]: ($17.50 regular rate)(40 hours) + **(1.5 multiplier)**($17.50 regular rate)(20 overtime hours) = $700 (weekly compensation) + $525 (overtime premium) = $1225 (driver's total pay)

Here, the driver is compensated the same amount no matter which method is used because, as the *Chavez* court noted, these equations are "mathematically the same."  630 F.3d at 1313 (finding that the defendant employer's "use of a one-half multiplier does not violate the FLSA").  In Method 1, the driver's overtime premium is lower because he has already been compensated for the overtime hours at the regular rate (resulting in a higher weekly compensation).  Therefore, only a one-half multiplier is necessary to arrive at the proper compensation for the overtime hours that the driver worked.  As the Fifth Circuit recognized, "since the employee already receives 100% of his regular rate of pay for each overtime hour worked, the time and one-half overtime provision of 29 U.S.C. § 207(a)(1) requires that the employee receive only an

---

[8] This method was used in calculating Plaintiff Serrano's and Plaintiff Bates' compensation, discussed *supra*.
[9] This method was used in calculating Plaintiff Langham's compensation, discussed *supra*.

additional 50% of his regular rate for each overtime hour." *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 634 (5th Cir. 2001) (citing *Condo v. Sysco Corp.,* 1 F.3d 599, 605 (7th Cir. 1993)).

Plaintiffs' method of calculation, applied to the hypothetical driver above, would increase the compensation to the driver for the overtime hours because it inflates the regular rate. Plaintiffs would calculate the regular rate by dividing $1050 (the driver's total weekly compensation) by 40 (the non-overtime hours the driver worked). *See* D.E. 136, Page 15. This leads to a regular rate of $26.25.

> **Plaintiffs' Method**: ($26.25 regular rate)(40 hours) + **(1.5 multiplier)**($26.25 regular rate)(20 overtime hours) = $1050 (weekly compensation) + $787.50 (overtime premium) = $1837.50 (driver's total pay)

As this example shows, Plaintiffs' method results in compensation greater than the FLSA requires.

### 3.   *Defendants' Compensation Scheme is Valid under the FLSA and DOL Regulations*

Plaintiffs argue that the default rule for calculating overtime is found at Section 7(a) of the FLSA (overtime at "one and one-half times the regular rate"), and that the DOL interpretive bulletin provides "alternative methods" of computing the regular rate. (D.E. 136, Page 2). Plaintiffs then reason that if an employer's compensation scheme does not "comply" with one of the examples in the DOL interpretive bulletin, the default rule must be used.   (D.E. 136, Pages 2-3). Finally, Plaintiffs contend the authority cited by Defendants is inapplicable because it relates to the fluctuating

workweek context, and that such authority supports their argument that noncompliance with the DOL interpretive bulletin results in calculation according to the default rule. (D.E. 140, Page 2).

Plaintiffs rely on *Rodriguez v. Republic Servs., Inc.*, No. 5:13-CV-00020-XR, 2013 WL 4054707 (W.D. Tex. Aug. 12, 2013) for the proposition that Defendants have violated 29 C.F.R. § 778.112 and the FLSA.   In *Rodriguez*, the plaintiffs, two residential waste disposal drivers, sued BFI, their employer, alleging that BFI's compensation plans violated the FLSA and led to underpayment of overtime owed to plaintiffs.   2013 WL 5656129, at *1-2.   BFI compensated the plaintiffs under a "hybrid" plan, which included both day and hourly rates.   *Id.* at *1.   The plaintiffs were paid a base day rate during five regularly scheduled work days, and if they worked a sixth day (required at their supervisor's discretion), they were paid an hourly rate even though they performed the same work they did on their regularly scheduled work days.   *Id.*   The plaintiffs also received "incentive payments" for each day worked.   *Id.*   As in this case, BFI calculated the plaintiffs' overtime pay by totaling all weekly compensation from plaintiffs' day rates, hourly rates, and incentive payments and dividing this amount by all hours the plaintiffs worked that week.   *See id.*   BFI then multiplied the resulting regular rate by one-half and again by the hours worked in excess of forty to arrive at the overtime payments.   *Id.*

The *Rodriguez* court held that in order for BFI to prove its compensation plans were permissible under the FLSA (and prevail on its motion for summary judgment), it

had to demonstrate that "compensating the [plaintiffs] with day and hourly rates on separate days for completing the same kind of work is permissible." *Rodriguez*, 2013 WL 4054707, at *4. The court found "[t]he only regulation which explicitly covers employment arrangements involving two different rates being paid to an employee is section 778.115, and this section *expressly requires* that the employee undertake 'different kinds of work.'" *Id.* at *5 (emphasis added). Section 778.115, titled "Employees working at two or more rates," states:

> Where an employee in a single workweek works at two or more different types of work for which different nonovertime rates of pay (of not less than the applicable minimum wage) have been established, his regular rate for that week is the weighted average of such rates. That is, his total earnings…are computed to include his compensation during the workweek from all such rates, and are then divided by the total number of hours worked at all jobs.

29 C.F.R. § 778.115. Finding the plaintiffs were compensated for the same type of work with different rates (and that, therefore, § 778.115 was inapplicable), the court then denied BFI's motion for summary judgment. *Rodriguez*, 2013 WL 4054707, at *4, *6. The court reasoned that since the plaintiffs were paid both hourly and day rates, BFI had violated the explicit provisions of 29 C.F.R. § 778.112. Section 778.112 states:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

The court found that "the DOL regulations [do not] provide support for the possibility of a compensation scheme awarding both day and hourly rates for the completion of the same type of work….Further, section 778.112, upon which [d]efendants rely, appears to directly contradict the notion that an employee may be compensated on the basis of both a day and hourly rate." *Rodriguez*, 2013 WL 4054707, at *5.

In denying BFI's subsequent motion for reconsideration and granting the plaintiffs' motion for summary judgment, the *Rodriguez* court stated "[d]efendants' argument (and the *Allen* decision) flips the general rule onto its head allowing for any number of payroll methods to be employed in order to pay overtime at only the half-rate, rather than one and one-half times." *Rodriguez v. Republic Servs., Inc.*, No. 5:13-CV-00020-XR, 2013 WL 5656129, at *2 (W.D. Tex. Oct. 15, 2013). The court found that for BFI's hybrid compensation plans to comply with the FLSA, it would have to rewrite § 778.112 to remove the words "and if he receives no other form of compensation for services"[10] (since, in the court's view, the wording of § 778.112 precluded paying an employee with day rates and other forms of compensation for the same work). *Id.* The court concluded that because BFI's method of compensating plaintiffs did not precisely parallel the DOL examples, it was impermissible under the FLSA. *Id.* at *3.

---

[10] The *Rodriguez* court stated that § 778.112 would only permit BFI's method of compensation if it revised § 778.112 to read: "If the employee is paid a flat sum for a day's work ... without regard to the number of hours worked in the day ..., ~~and if he receives no other form of compensation for services~~, his regular rate is determined by totaling all the sums received at such day rates ... in the workweek and dividing by the total hours actually worked." *Rodriguez*, 2013 WL 5656129, at *2.

The undersigned disagrees with Plaintiffs' contention that the *Rodriguez* case compels a ruling in Plaintiffs' favor. Sections 778.112 and 778.115 are merely illustrations offered by the DOL to demonstrate how the regular rate should be calculated for certain compensation schemes—they do not "expressly require" a particular methodology. *See* 29 C.F.R. § 778.109 ("The following sections give *some examples* of the proper method of determining the regular rate of pay *in particular instances*.") (emphasis added). Addressing § 778.114, the *Hanson* court rejected the argument that an employer could "violate" one of these regulations:

> If [an] employer's compensation scheme does not fit the scenario described in § 778.114, then that section does not apply by its own terms. But it does not follow that there has been a "violation" of § 778.114, any more than there has been a "violation" of the piece rate method (§ 778.111), or the day rate method (§ 778.112), or the deferred commission method (§ 778.119).

2015 WL 1737394, at *6. In fact, the DOL clarified that the FLSA "does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission, *or other basis*, but in such case the overtime compensation due to employees must be computed on the basis of the hourly rate derived therefrom." 29 C.F.R. § 778.109 (emphasis added). To the extent that Defendants' compensation scheme does not correspond to the examples in the DOL interpretive bulletin, those examples are not directly on point and the regular rate may be computed for each individual employee according to the general rule: total weekly remuneration divided by the total number of hours worked in that week. The *Rodriguez* court appeared to view sections 778.111 through 778.122 as the only

permissible compensation methods.  *See* 2013 WL 5656129, at *2.  However, these sections must be read in the context of § 778.109, which makes it clear that the FLSA allows compensation on any basis as long as its other requirements are satisfied.  The United States Supreme Court confirmed this interpretation of the FLSA: "[a]s long as the minimum hourly rates established by Section 6 [of the FLSA] are respected, the employer and employee are free to establish this regular rate…in any manner they see fit."  *See Walling*, 325 U.S. at 424.  Recently, the First Circuit reiterated this crucial point.  *See Lalli*, 814 F.3d at 10 n. 11 (1st Cir. 2016) ("We do not mean to imply, however, that a pay scheme must fall within a regulatory example in order to comply with the [FLSA]").

Contrary to Plaintiffs' argument, employers are not required to comply with the DOL interpretive bulletin in order to use its "alternative methods."  As discussed above, the DOL interpretive bulletin does not require compliance—employers may use any compensation scheme as long as the other requirements of the FLSA are satisfied. *See Walling*, 325 U.S. at 424; 29 C.F.R. § 778.109.  Furthermore, the examples are not "alternative methods" of calculating the regular rate.  They demonstrate how to determine the regular rate and the resulting overtime payments for various compensation plans.  *See* 29 C.F.R. § 778.109.  Each example follows the general rule for computing the regular rate (total weekly remuneration divided by the total number of hours worked in that week) and complying with the FLSA's overtime requirement: overtime pay at "one and one-half times the regular rate."  The Fifth Circuit has held

that § 778.112, one of the examples in the DOL interpretive bulletin, is "a permissible interpretation of the FLSA, entitled to deference." *Dufrene v. Browning-Ferris, Inc.*, 207 F.3d 264, 268 (5th Cir. 2000).   This conclusion—that the DOL interpretive bulletin is interpreting Section 7(a) of the FLSA rather than providing "alternative methods" to its "default rule"—necessarily rejects Plaintiffs' argument.

Plaintiffs also contend the majority of cases Defendants rely on in support of their method of calculating the regular rate are inapplicable here because they are in the context of a fluctuating workweek, and that these cases actually support Plaintiffs' argument that noncompliance with the DOL interpretive bulletin requires that employers use the default rule of Section 7(a) of the FLSA.  *See* D.E. 140, Page 2. Having reviewed the authorities cited by both parties, the undersigned has relied on cases that are applicable for the purposes of this Memorandum and Recommendation. As the *Rodriguez* court noted, "the Fifth Circuit has not yet addressed the compensation system at issue in this case."  2013 WL 5656129, at *1.  While many cases determining the proper calculation of employees' regular rate involve a fluctuating workweek, the Tenth and Eleventh Circuits have addressed similar compensation plans to the ones at issue in this case.  *See Chavez*, 630 F.3d at 1300; *Allen*, 495 F.3d at 1306.   The Tenth and Eleventh Circuits' analysis follows the general rule of calculating an employee's regular rate and his resulting overtime: "dividing his total remuneration for employment…in any workweek by the total number of hours actually worked by him in that workweek for which such

compensation was paid."  29 C.F.R. § 778.109.  The Fifth Circuit recognized the only instance where this calculation differs, stating "[t]his general rule, however, is slightly modified when an employee is paid a specific weekly salary for a specified number of hours—that is to say, a non-fluctuating workweek: the regular rate is then calculated by 'dividing the salary by the number of hours which the salary is *intended to compensate.*'"  *Ransom*, 734 F.3d at 381 n. 7 (quoting 29 C.F.R. § 778.113(a)) (emphasis in original).  The *Ransom* court then went on: "but when he receives fixed pay for unspecified hours that fluctuate week by week, the regular rate equals pay divided by all hours actually worked in the workweek."  *Id*.  Even in a fluctuating workweek context, the regular rate calculation follows the general rule; only when an employee is paid a fixed weekly salary for a non-fluctuating workweek would the regular rate be calculated by dividing total weekly compensation by the number of hours the salary was intended to compensate, rather than all hours worked.  Plaintiffs here were not paid a fixed weekly salary for a non-fluctuating workweek, so the general rule still applies.

Under the FLSA and DOL regulations, Defendants' compensation plan and overtime payments are valid.  As stated above, the Defendants method of calculating the regular rate by dividing an employee's total weekly compensation by the total number of hours he or she worked that week does not violate the FLSA.  The undersigned respectfully recommends that Plaintiffs' Motion for Summary Judgment

on this issue be **DENIED** and Defendants' Motion for Summary Judgment be **GRANTED**.

### B.      Damages and Willfulness of Violation

Plaintiffs request summary judgment on the issue of damages.  (D.E. 136, page 1).  Plaintiffs also argue that the actions taken by Defendants constituted an intentional or reckless violation of the FLSA under the willfulness standard.  (D.E. 136, Pages 16-19).   If the Court adopts this Memorandum and Recommendation, the issues of damages and willfulness need not be addressed. A supplemental Memorandum and Recommendation may be issued if the Court deems it necessary.

## V.      RECOMMENDATION

Based on the foregoing, it is respectfully recommended Plaintiffs' Motion for Partial Summary Judgment (D.E. 136) be **DENIED** and Defendants' Motion for Summary Judgment (D.E. 135) be **GRANTED**.

Respectfully submitted this 26th day of October, 2016.

Jason B. Libby
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.   *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).