Case 2:14-cv-00077 Document 158 Filed in TXSD on 01/03/17 Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
January 03, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MAURO SERRANO III, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-77 |
| | § | |
| REPUBLIC SERVICES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER ADOPTING IN PART
# MEMORANDUM AND RECOMMENDATION

Pending before the Court are "Defendants' Motion for Summary Judgment on Plaintiffs' Regular Rate Claim" (D.E. 135) and "Plaintiffs' Partial Motion for Summary Judgment" (D.E. 136). On October 26, 2016, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 150), recommending that Defendants' motion be granted, that Plaintiffs' motion be denied, and that Plaintiffs' complaint be dismissed. The M&R concludes that Defendants' pay calculations were correct and that pay for any missing hours was resolved in the parties' settlement of off-the-clock hours.

Plaintiffs timely filed their Objections (D.E. 151) on November 9, 2016, raising two issues: (1) that Defendants' combination pay methodology fails to adhere to the requirements of 29 C.F.R. § 778.112 and thus violates the FLSA's time-and-a-half requirement for all overtime hours; and (2) that Defendants' pay calculations fail to account for on-the-clock, "non-production time," which is not reflected in the pay stubs. For the reasons set out below, the Court **OVERRULES** the first objection and **SUSTAINS** the second.

# DISCUSSION

## A. The Issues

Plaintiffs seek to enforce the FLSA's requirement that employers pay overtime compensation of time-and-a-half of their regular rate[1] for all hours in a workweek exceeding 40.  29 U.S.C. §§ 206, 207; D.E. 56.  While the parties and the Magistrate Judge have exhaustively briefed the arithmetic of how time-and-a-half is calculated, the true focus of this dispute is on how the "regular rate" is calculated.  Defendants computed the regular rate by dividing total compensation for the week by total hours worked in the week.  Plaintiffs contend that their total wages must be divided by 40 hours to arrive at the regular rate, rather than divided by total hours worked.  This would increase the base rate that Defendants must use for overtime calculations.

The way the regular rate is determined is not subject to agreement.  29 C.F.R. § 778.108.  Rather, it is a question of how the employer pays the employee for the hours that are worked—the type of pay.  Department of Labor regulations supply examples of which pay methods trigger the "all hours worked" denominator and which require a 40-hour denominator.

Contrary to Plaintiffs' representations, there is no presumption in 29 U.S.C. § 207(a)(1) that the total remuneration paid is meant to compensate for only 40 hours.  That section simply requires time-and-a-half for hours exceeding 40.  The default calculation is expressed in 29 C.F.R. § 778.109,[2] which is neutral on the issue:  "The regular hourly rate of pay of an

---

[1]  Computation of the overtime rate under the FLSA requires that the Court first determine Plaintiffs' regular rate of pay. The regular rate must be expressed in terms of an hourly rate, regardless of the methodology by which the employee is paid. 29 C.F.R. § 778.109.  The FLSA is not concerned with how an employee is paid—hourly, by the piece, a day rate, or otherwise.  The only question is whether time-and-a-half is paid, based on the appropriate regular rate, for hours over 40 in a single workweek.  *Id.*
[2]  The Court defers to administrative regulations that interpret statutes consistent with the language and intent of the statute.

employee is determined by dividing his total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek *for which such compensation was paid*." (emphasis added).

Plaintiffs' objections offer two rationales for rejecting Defendants' calculation: (1) the regulations prohibit combining a day rate with other forms of compensation as a matter of law; and (2) the remuneration paid was not intended to compensate for all hours worked as a matter of fact. As set out below, the Court overrules the first and sustains the second.

### B. The Regulations Do Not Prohibit Defendants' Pay Combination

The Department of Labor regulations supply a number of examples to illustrate how different methods of employee compensation are converted to an hourly rate for purposes of regular and overtime rate calculations. *E.g.,* 29 C.F.R. §§ 778.109-.115. When an employer uses a piece rate or a flat sum for a day's work or to do a particular job, the amount paid is considered to cover all hours worked. So total pay is divided by the total number of hours actually worked (including overtime hours) to arrive at the regular rate, consistent with Defendants' methodology. §§ 778.111, .112. Overtime pay is then half-again the regular rate for the number of hours worked in excess of 40. "Only additional half-time pay is required in such cases where the employee has already received straight-time compensation at piece rates or by supplementary payments for all hours worked." § 778.111.

Plaintiffs here are paid with a combination of job/day, piece, and hourly rates throughout the workweek. The M&R concludes that the default methodology of § 778.109 is appropriate for calculating overtime owed here, applying the "all hours worked" denominator

---

*Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984).

as the number of hours "for which such compensation was paid." This is the same methodology used under § 778.111, which illustrates the treatment of piece rates. It may not be a perfect fit because of the particular combination of pay rates Defendants use. However, each of the exemplar Plaintiffs is paid, in part, with a piece rate and it is the closest analogous scenario in the regulatory examples (outside of the default calculation).

Under § 778.111, "the regular hourly rate of pay is computed by adding together total earnings for the workweek from piece rates ***and all other sources*** (such as production bonuses) ***and any sums paid for waiting time or other hours worked*** (except statutory exclusions)." *Id*. (emphasis added). The "total hours worked" is used as the divisor, on the rationale that supplementary payments over and above the piece rate are intended to provide straight-time compensation for all hours worked. By adding half-time to the hours over 40, time-and-a-half has been paid for overtime.

Plaintiffs argue that the flat, day rate component of their pay triggers the application of § 778.112 as the governing regulation and that this is required by *Dufrene v. Browning-Ferris, Inc.*, 207 F.3d 264 (5th Cir. 2000). Because that regulation addresses a flat rate to the exclusion of any other form of compensation, they contend that Defendants' pay scheme is unlawful—that § 778.112 does not allow other forms of compensation to be blended with the job or day rate, citing *Rodriguez v. Republic Services, Inc.*, No. 5:13-cv-00020-XR, 2013 WL 4054707 (W.D. Tex. Aug. 12, 2013) (*Rodriguez I*) and *Rodriguez v. Republic Servs., Inc.*, No. SA-13-CV-20-XR, 2013 WL 5656129 (W.D. Tex. Oct. 15, 2013) (*Rodriguez II*). The Court, like the Magistrate Judge, disagrees.

*Dufrene* is clearly distinguishable. According to the plain language of § 778.112, it applies when a pay structure such as a day rate, alone, compensates the employee for all hours worked. Section 778.112 applied in *Dufrene* because the Fifth Circuit rejected the employees' argument that sick days and fringe benefits qualified as "other form[s] of compensation for services" in addition to the day rate. Implicit in the *Dufrene* court's reasoning is that, if the employer did pay other monetary forms of compensation, then § 778.112 would not apply.

Unlike the fringe benefits in *Dufrene*, the Plaintiffs here are receiving a combination of methods of monetary compensation as part of their wages in addition to any flat sums. As the M&R observes, consistent with *Dufrene*, § 778.112 expressly applies only if the employee is paid a flat sum without regard to the number of hours ***and*** receives no other form of compensation. Section 778.112 does not apply when the flat rate is only part of the monetary compensation.

Plaintiffs articulate the issue as Defendants' hybrid compensation scheme being unlawful—as prohibited by § 778.112. But as the M&R observes, the FLSA does not prohibit particular pay structures. It merely requires that they be properly interpreted for minimum wage and overtime calculations. And the regulations "give some examples of the proper method of determining the regular rate of pay in particular instances . . . ." § 778.109. Under § 778.111, when combined with a piece rate (as is each exemplar's compensation), all remuneration is presumed as being compensation for all hours worked, not just 40. This presumption is, of course, subject to rebuttal.

Plaintiffs claim that this conclusion is contrary to *Rodriguez I and II*, which they read to dictate that, where a qualifying flat rate is used, additional forms of compensation are

prohibited and the "all hours worked" divisor does not apply. But that was not the decision enunciated in either of the *Rodriguez* opinions. The *Rodriguez* court had determined, and declined to reconsider, that the employer was not entitled to summary judgment that it had properly calculated its regular and overtime rates using § 778.112. The stated reason for the result was because the employer paid its employees with different rates for different days, rendering § 778.112 inapplicable and raising a fact issue as to what remuneration was intended to compensate for which hours.

In *Rodriguez*, the employees were paid a flat base day rate for five days a week. When tapped by their supervisor to work a sixth day, they were paid an hourly rate for that day, plus a $10/day incentive payment for each of the days worked that week (or a total of $60). This manner of payment, which treated the sixth day dramatically different from the five preceding days, was some evidence that the flat day rates were not intended to compensate the employee for hours worked on the sixth day. Thus the "all hours worked" denominator might not apply to the sums earned on the five flat-rate days. The decision appropriately denied the employer's summary judgment motion because of this fact issue. The court in *Rodriguez* refused to apply § 778.111 as well—and for the same reasons. Nothing in the holding prevents using a blended or hybrid rate across-the-board for all work done throughout the work week, as was done here.

What is clear is that both the *Rodriguez* opinions and the M&R agree that § 778.112, by its own terms, does not apply when the employer pays the employee monetary compensation pursuant to a combination of rates. If it does not apply, it cannot prohibit a combination pay scheme. And nothing in its language supports a construction that it intended to limit employers' manner of payment. Plaintiffs' first objection, seeking to apply § 778.112 and

prohibit Defendants' hybrid compensation methodology and the calculations attendant thereto, is **OVERRULED**.

### C. Including All Hours "for Which Such Compensation Was Paid."

#### 1. This Issue Is Deemed Pled

In essence, Plaintiffs complain that employees had to work more hours than Defendants anticipated when the day rates were determined.  Day rates are intended to supplement a piece rate and compensate for a block of non-productive time that is not easily capable of exact quantification.  Plaintiffs allege that poor estimates of the time covered by a day rate or the necessity of supervisor approval for pay for such hours in excess of the standard day rate result in questions of fact regarding the number of hours worked or whether the compensation was intended to cover all of the time worked.

While this specific fact issue was not detailed in the current pleading, Plaintiffs claim that their pleading is broad enough to encompass this new issue because they have challenged Defendants' pay methodologies as not properly compensating for all hours worked.  Although their pleading only expressly addresses off-the-clock hours as having been omitted, they argue that it should also encompass claims regarding unpaid on-the-clock hours.  The Court agrees that, at the very least, the issue arises from the same conduct, transaction, or occurrences addressed by the pleadings and should be subject to adjudication in this case.

Plaintiffs first learned of the on-the-clock issue through discovery (the deadline for which had been extended) and raised it at their first opportunity.  In particular, they state that the issue came to light in the deposition of key Republic witness, Joe Burkel, taken on August 30, 2016.  D.E. 148-1.  They briefed the issue for the Magistrate Judge in a supplement to their

own motion for summary judgment, filed on September 29, 2016. D.E. 136, 148. The Court construes the supplemental briefing as including an implied motion for leave to amend the pleadings.

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend shall be freely given when justice so requires. Defendants have not articulated a reason, outside the scheduling orders, to deny an amendment to expressly set out this fact issue. The Court notes that the deadlines in the scheduling orders, including the discovery deadline, have been liberally extended for other purposes. Therefore, the Court **GRANTS** the implied motion for leave and ORDERS Plaintiffs to amend their complaint on or before January 9, 2017, to reflect the status of this action as including any issues regarding on-the-clock hours and excluding any issues regarding off-the-clock hours.

### 2. Fact Issues Preclude Summary Judgment.

Plaintiffs object to the use of their responses to requests for admission against them. Defendants urged and the Magistrate Judge found that Plaintiffs had conceded that their total remuneration was paid for all hours worked. *See* D.E. 150, pp. 12-13. Given the language of the responses, stating objections and qualifying the responses, the Court disagrees with the treatment of the admissions as admitting that Defendants' method of payment compensated Plaintiffs for all hours worked as intended by the pay scheme. Plaintiffs' objection to the use of the alleged admissions is **SUSTAINED**.

Accompanying Plaintiffs' supplemental briefing are deposition excerpts that illustrate that the non-production time included in the day rate is an estimation of the amount of time expected for the route and "market conditions" at the landfill. D.E. 148-1, pp. 10-11. There is

some indication in Joe Burkel's deposition testimony that, at least in one email thread, Defendants admit that they did not build into the day rate downtime and landfill time. For downtime exceeding two hours, an additional hourly rate would be paid upon supervisor approval. D.E. 149-4, p. 4 (internal p. 246, l. 12- p. 249, l. 12).

Defendants deny that any of the on-the-clock non-production time was uncompensated in their pay structure. D.E. 149. They appear to contend that all employee hours were tracked and that they were all compensated. *E.g.*, D.E. 149-3; 149-4. Thus there is a disputed issue of material fact that precludes a summary judgment on this issue. Fed. R. Civ. P. 56.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiffs' Objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiffs' first objection as to the lawfulness of Defendants' combination pay methodology that blends a day rate with other rates and **ADOPTS IN PART** as its own the findings and conclusions of the Magistrate Judge on that legal issue. The Court **SUSTAINS** Plaintiffs' second objection and **REJECTS** the Magistrate Judge's disposition of Plaintiffs' complaint regarding the fact question whether all hours were properly paid for.

The Court **GRANTS IN PART** Defendants' motion for summary judgment (D.E. 135) insofar as it defends their ability to pay on the basis of a combined rate methodology. The Court **DENIES IN PART** Defendants' motion (D.E. 135) insofar as it seeks a take-nothing

judgment against Plaintiffs.  The Court **GRANTS LEAVE** to Plaintiffs to amend their complaint to more specifically state their on-the-clock claim on or before January 9, 2017.  The Court **DENIES** Plaintiffs' partial motion for summary judgment (D.E. 136).

ORDERED this 3rd day of January, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE