UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MAURO SERRANO, III, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, *Plaintiffs*, | § § § § § § § § | |
| | § | CIVIL ACTION NO. 2:14-cv-00077 |
| vs. | § § | |
| REPUBLIC SERVICES, INC. AND BFI WASTE SERVICES OF TEXAS, LP, D/B/A REPUBLIC SERVICES OF CORPUS CHRISTI AND D/B/A ALLIED WASTE SERVICES OF CORPUS CHRISTI, *Defendants*. | § § § § § § § § | JURY TRIAL DEMANDED |

## PLAINTIFFS' THIRD AMENDED
## COLLECTIVE ACTION COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiffs Mauro Serrano, III, Jose Baca, Andrew Benavides, Simon Aleman, Luis Flores, Erasmo Cancino, Albert Ysaguirre, Michael Ruiz, Christopher Sifuentes, Luis Cuevas, and Joe Dorsey files this Third Amended Collective Action Complaint on Behalf of Themselves and All Others Similarly Situated ("Plaintiffs"), against Defendant Republic Services, Inc., Defendant BFI Waste Services of Texas, LP, Defendant Republic Waste Services of Texas, Ltd. and Defendant Allied Waste Systems, Inc. (hereinafter collectively referred to as "Defendants" and/or "Republic") to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, as amended (hereinafter "FLSA"). In support of this action, Plaintiffs would respectfully show:

## SUMMARY

1.      Plaintiffs Mauro Serrano, III, Jose Baca, Andrew Benavides, Simon Aleman, Luis Flores, Erasmo Cancino, Albert Ysaguirre, Michael Ruiz, Christopher Sifuentes, Luis Cuevas, and Joe Dorsey ("Plaintiffs") are or were employed as non-exempt waste disposal drivers at Defendants' waste disposal facilities in the State of Texas.  Plaintiffs bring this action on behalf of themselves and on behalf of all other similarly situated non-exempt waste disposal drivers employed by Defendants ("Class Members") at any time from March 13, 2011 through the final disposition of this matter and have timely filed consent forms to join this collective action.

2.      The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for covered employers whose employees work in excess of 40 hours per workweek. 29 U.S.C. 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C § 516.2(a)(7).

3.      Plaintiffs and Class Members contend that Defendants failed to pay overtime in accordance with the FLSA for at least the three year period preceding the filing of this action and through the final disposition of this matter.  Defendants' violations are described as follows.

4.      Defendants violated and continue to violate the FLSA by failing to pay their waste disposal drivers, including Plaintiffs and Class Members, time and one-half for each hour worked in excess of 40 hours per workweek.  Further, Defendants have improperly calculated Plaintiffs' and Class Members' regular rate resulting in further miscalculation of Plaintiffs' and

Class Members' overtime pay.   Plaintiffs and Class Members should have received overtime compensation at a rate not less than one and one-half times their true regular rate.

5.     After settling Plaintiffs and Class Members' "meal-period" claims on October 28, 2015, Defendants continued to violate the FLSA by automatically deducting 30-minute meal periods from Plaintiffs' and Class Members' daily hours worked, despite knowing that Plaintiffs and Class Members routinely worked throughout the designated 30-minute meal period.   These deductions are made from Plaintiffs' and Class Members' on-the-clock hours.

## PARTIES AND PERSONAL JURISDICTION

6.     Plaintiff Mauro Serrano is an individual residing in Corpus Christi, Nueces County, Texas.   Plaintiff's written consent to be a party plaintiff in this action has been previously filed with the Court.   *See* ECF No. 56-1.

7.     Plaintiff Jose Baca, a former industrial (roll off) driver was employed at Defendants' Corpus Christi facility.   With respect to his job description and duties, this Plaintiff is the same or similarly situated to Plaintiff Mauro Serrano, III, and all other opt-in Plaintiffs, as it relates to the factual bases and causes of action made the basis of this collective action complaint.   Plaintiff's written consent to be a party plaintiff in this action has been previously filed with the Court.   *See* ECF No. 56-2

8.     Plaintiff Andrew Benavides, a current industrial (roll off) driver is employed at Defendants' Corpus Christi facility.   With respect to his job description and duties, this Plaintiff is the same or similarly situated to Plaintiff Mauro Serrano, III, and all other opt-in Plaintiffs, as it relates to the factual bases and causes of action made the basis of this collective action complaint.   Plaintiff's written consent to be a party plaintiff in this action has been previously filed with the Court.   *See* ECF N. 56-3.

9.     Plaintiff Simon Aleman, a current industrial (roll off) driver is employed at Defendants' Corpus Christi facility.  With respect to his job description and duties, this Plaintiff is the same or similarly situated to Plaintiff Mauro Serrano, III, and all other opt-in Plaintiffs, as it relates to the factual bases and causes of action made the basis of this collective action complaint.  Plaintiff's written consent to be a party plaintiff in this action has been previously filed with the Court.  *See* ECF No. 56-4.

10     Plaintiff Luis Flores, a current industrial (roll off) driver is employed at Defendants' Corpus Christi facility.  With respect to his job description and duties, this Plaintiff is the same or similarly situated to Plaintiff Mauro Serrano, III, and all other opt-in Plaintiffs, as it relates to the factual bases and causes of action made the basis of this collective action complaint.  Plaintiff's written consent to be a party plaintiff in this action has been previously filed with the Court.  *See* ECF No. 56-5.

11     Plaintiff Erasmo Cancino, a current industrial (roll off) driver is employed at Defendants' Corpus Christi facility.  With respect to his job description and duties, this Plaintiff is the same or similarly situated to Plaintiff Mauro Serrano, III, and all other opt-in Plaintiffs, as it relates to the factual bases and causes of action made the basis of this collective action complaint.  Plaintiff's written consent to be a party plaintiff in this action has been previously filed with the Court.  *See* ECF No. 56-6.

12.     Plaintiff Albert Ysaguirre, a current commercial (front load) driver is employed at Defendant's Corpus Christi facility.  With respect to his job description and duties, this Plaintiff is the same or similarly situated to Plaintiff Mauro Serrano, III, and all other opt-in Plaintiffs, as it relates to the factual bases and causes of action made the basis of this collective action

complaint.  Plaintiff's written consent to be a party plaintiff in this action has been previously filed with the Court.  *See* ECF No. 56-7

13.     Plaintiff Michael Ruiz, is a former commercial (front load) and residential driver who was employed at Defendants' Corpus Christi and Austin, Texas facilities.  With respect to his job description and duties, this Plaintiff is the same or similarly situated to Plaintiff Mauro Serrano, III, and all other opt-in Plaintiffs, as it relates to the factual basis and causes of action made the bases of this collective action complaint.  Plaintiff's written consent to be a party plaintiff in this action has been previously filed with the Court.  *See* ECF No. 56-8.

14.     Plaintiff Christopher Sifuentes, a current commercial (front load) driver is employed at Defendants' Corpus Christi facility.  With respect to his job description and duties, this Plaintiff is the same or similarly situated to Plaintiff Mauro Serrano, III, and all other opt-in Plaintiffs, as it relates to the factual bases and causes of action made the basis of this collective action complaint.  Plaintiff's written consent to be a party plaintiff in this action has been previously filed with the Court.  *See* ECF No. 56-9

15.     Plaintiff Luis Cuevas, a current commercial (front load) driver is employed at Defendants' Corpus Christi facility.  With respect to his job description and duties, this Plaintiff is the same or similarly situated to Plaintiff Mauro Serrano, III, and all other opt-in Plaintiffs, as it relates to the factual bases and causes of action made the basis of this collective action complaint.  Plaintiff's written consent to be a party plaintiff in this action has been previously filed with the Court.  *See* ECF No. 56-10

16.     Plaintiff Joe Dorsey, a current commercial (front load) driver is employed at Defendants' Corpus Christi facility.  With respect to his job description and duties, this Plaintiff is the same or similarly situated to Plaintiff Mauro Serrano, III, and all other opt-in Plaintiffs, as

it relates to the factual bases and causes of action made the basis of this collective action complaint.  Plaintiff's written consent to be a party plaintiff in this action has been previously filed with the Court.  *See* ECF No. 56-11

17.     The Class Members are all of Defendants' non-exempt current and former waste disposal drivers in the State of Texas who performed the same or similar work as Plaintiffs and were subjected to the same or similar payment policies as Plaintiffs during the past three years and who filed a consent form to join this collective action.

18.     Defendant Republic Services, Inc. ("Republic") is a for-profit corporation incorporated in the State of Delaware. Republic's principal place of business is in Phoenix, Arizona.  Republic's headquarters are located at 18500 North Allied Way, Phoenix, Arizona 85054.  Republic is registered with the Texas Secretary of State's office to do business in the State of Texas.  Republic is a covered employer under the FLSA and acted as such in relation to Plaintiffs and Class Members.  Republic has been served in this action and has filed an answer.

19.     Defendant BFI Waste Services of Texas, LP ("BFI") is a foreign, for-profit corporation doing business in the State of Texas.  BFI's principal place of business is in Phoenix, Arizona.  BFI's headquarters are located at 18500 North Allied Way, Phoenix, Arizona 85054. BFI is registered with the Texas Secretary of State's office to do business in the State of Texas. Republic is the ultimate parent company of BFI. BFI is a covered employer under the FLSA and acted as such in relation to Plaintiffs and Class Members.  BFI has been served in this action and has filed an answer.

20.     Upon information and belief, BFI is a wholly owned subsidiary or affiliate of Republic.

21.     Defendant Republic Waste Services of Texas, Ltd. ("RWS") is a domestic limited partnership doing business in the State of Texas.   RWS's principal place of business is in Phoenix, Arizona.   RWS's headquarters are located at 18500 North Allied Way, Phoenix, Arizona 85054.   RWS is registered with the Texas Secretary of State's office to do business in the State of Texas.   Counsel for Defendants in this action have agreed to accept service on behalf of RWS.   Therefore, no additional service is necessary at this time.

22.     Republic is the ultimate parent company of RWS. RWS is a covered employer under the FLSA and acted as such in relation to Plaintiffs and Class Members.

23.     Upon information and belief, RWS is a wholly owned subsidiary or affiliate of Republic.

24.     Defendant Allied Waste Systems, Inc. ("Allied Waste Systems") is a for-profit corporation incorporated in the State of Delaware.   Allied Waste System's principal place of business is in Phoenix, Arizona.   Allied Waste System's headquarters are located at 18500 North Allied Way, Phoenix, Arizona 85054.   Allied Waste Systems is registered with the Texas Secretary of State's office to do business in the State of Texas.   Counsel for Defendants in this action have agreed to accept service on behalf of Allied Waste Systems.   Therefore, no additional service is necessary at this time.

25.     Republic is the ultimate parent company of Allied Waste Systems. Allied Waste Systems is a covered employer under the FLSA and acted as such in relation to Plaintiffs and Class Members.

26.     Upon information and belief, Allied Waste Systems is a wholly owned subsidiary or affiliate of Republic.

27.     Defendant Allied Waste Services of Fort Worth, LLC. ("Allied Waste Services") is a domestic limited partnership doing business in the State of Texas.  Allied Waste Services' principal place of business is in Phoenix, Arizona.  Allied Waste Services' headquarters are located at 18500 North Allied Way, Phoenix, Arizona 85054.  Allied Waste Services is registered with the Texas Secretary of State's office to do business in the State of Texas. Counsel for Defendants in this action have agreed to accept service on behalf of Allied Waste Services.  Therefore, no additional service is necessary at this time.

28.     Republic is the ultimate parent company of Allied Waste Services. Allied Waste Services is a covered employer under the FLSA and acted as such in relation to Plaintiffs and Class Members.

29.     Upon information and belief, Allied Waste Services is a wholly owned subsidiary or affiliate of Republic.

30.     This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges and benefits of conducting business in the State of Texas and have established minimum contacts sufficient to confer jurisdiction over the Defendants.  The assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice. The assumption of jurisdiction over Defendants is consistent with the constitutional requirements of due process.

31.     Defendants have had and continue to have continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over Defendants. Specifically, Defendants have conducted and/or continue to conduct business in the State of Texas by collecting, transporting and disposing of commercial, industrial and residential waste, employing workers, and contracting with Texas residents.

32.     The claims and causes of action asserted in this complaint arise out of or relate to Defendants' contacts with Texas residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE

33.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

34.     Venue is proper in the Southern District of Texas because all or a substantial part of the acts, omissions and events giving rise to this action occurred in the Southern District of Texas.

## FLSA COVERAGE

35.     At all material times, Defendants have been joint employers within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

36.     At all material times, each Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

37.     At all material times, Plaintiffs and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206-207.

38.     At all material times, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

## STATEMENT OF FACTS

### a.   Defendants' Corporate Relationship

39.     Defendants provide waste collection and disposal services to their customers throughout the State of Texas.

40.     As it relates to certain allegations advanced in this complaint, an overview of Defendants' corporate history and structure is in order.

41.     Browning-Ferris Industries, Inc., commonly known to the world as BFI, has operated waste disposal facilities throughout Texas for many years.

42.     In 1999, Allied Waste Services, Inc. ("Allied Waste") acquired BFI's Texas based waste disposal operations.  Allied Waste's acquisition included BFI's Corpus Christi facility and other waste disposal facilities throughout Texas. Following Allied Waste's acquisition of BFI's Texas based facilities, the Corpus Christi facility continued operating under both names, Allied Waste and BFI.

43.     Prior to the filing of this action, Republic (including its parent, affiliate or subsidiary companies) acquired (or organized) numerous other waste disposal companies doing business throughout the State of Texas. Today, along with Republic, these companies employ Class Members and conduct waste disposal operations throughout the State of Texas.

44.     Today, Republic conducts its Texas based waste disposal operation jointly and in cooperation with Defendants BFI Waste Disposal Services of Texas, LP., Republic Waste Services of Texas, Ltd., Allied Waste Systems, Inc. and Allied Waste Services of Fort Worth, LLC.   Each of Defendants' Texas facilities operates under an assumed name. Defendants' Corpus Christi facility, for example, operates under the assumed names Republic Services of Corpus Christi and Allied Waste Services of Corpus Christi. Depending upon the facility

location, both Republic and at least one of the other Defendants named herein are involved in the day-to-day management and operation of their Texas based waste disposal facilities. The typical organizational structure for all of Republic's facilities where waste disposal drivers are employed include a general manager, an operations manager, and a supervisor over each of the residential, commercial and industrial divisions.

45.     Defendant Republic and its affiliate and/or subsidiaries, including Defendants BFI Waste Disposal Services of Texas, LP., Republic Waste Services of Texas, Ltd. and Allied Waste Systems, Inc. and Allied Waste Services of Fort Worth, LLC, hold themselves out to the general public as one company, Republic Services. Republic, during a portion of the relevant time period, operated in three national geographic regions: East, Central and West.[1]  Defendants' regional organization allows Defendants to provide collection, transfer, recycling and landfill waste services.  This regional structure used by Defendants allows Defendants to fully integrate operations within each region, allowing for a top-down operating strategy.   This regional organization also allows Defendants to minimize administrative and personnel costs by collapsing and consolidating job duties into fewer managerial and administrative positions. Ultimately, this regional structure, with fewer administration and upper management personnel allows for a more streamlined managerial decision-making.   Upon information and belief, Defendants share employees, have a common management, pool resources, are affiliated and operate out of the same headquarters and/or regional headquarters.  Defendants advertise through one website, provide the same type of service to their customers, and share a common business model. Part of the common business model is the overtime wage violation made the basis of this complaint. These facts represent a classic example of "corporate fragmentation."

---

[1] After Plaintiffs filed this lawsuit, Republic changed its corporate structure nationwide. It is now divided into two regions but this change does not materially change the litigation.

46.     Plaintiffs' and Class Members' paystubs confirm that Defendants paid (and continue to pay) their Texas employees using operating accounts held in the names of both Republic and BFI.  *See* ECF No. 56-12 and 56-13.

47.     Since their inception, Defendants have had a joint employment relationship with respect to Plaintiffs and Class Members.  Defendants have an interrelation of operations between the two companies, centralized control of labor relations, common control over business operations, and a common business purpose to provide their customers with commercial, industrial and residential waste collection services.

48.     Defendants provided (and continue to provide) training to Plaintiffs and Class Members, controlled (or control) the hours to be worked by Plaintiffs and Class Members, and directed (or direct) the work of Plaintiffs and Class Members. Defendants maintained (or maintain) communication with Plaintiffs and Class Members and received (or receive) updates as to the status of their work, and controlled (or control) the work of Plaintiffs and Class Members.

49.     Personnel from Republic's home office in Arizona conduct weekly management meetings by telephone with local managers of Defendants' Texas facilities, including Republic's Corpus Christi facility.

50.     Personnel from Republic's home office in Arizona make periodic visits to Defendants' Texas facilities to audit each facility's performance and profitability.

51.     Defendants operate as a "single enterprise" and are each liable for the FLSA violations of the other.

52.     Because Defendants' operations were unified, and Defendants' shared (and continue to share) control over the work of Plaintiffs and Class Members, each Defendant is directly liable for the violations complained of in this case.

**b.**  **Plaintiffs and Class Members are (and were) Waste Disposal Drivers for Defendants**

53.  Defendants have residential, commercial, and industrial divisions that employ waste disposal drivers (the industrial division is also known as the "roll off" division; the commercial division is also known as the "front load" division).

54.  Defendants' waste disposal drivers, including Plaintiffs and Class Members, all collect, transport and dispose of waste.

55.  Defendants' waste disposal drivers are all non-exempt employees under the FLSA.

56.  Plaintiffs are (or were) all non-exempt waste disposal drivers employed by Defendants.

57.  Class Members are (or were) non-exempt waste disposal drivers for Defendants for the 3-year period preceding the filing of this complaint through the final disposition of this matter.

58.  None of the FLSA exemptions relieving a covered employer of the statutory duty to pay employees overtime at one and one-half times the regular rate of pay apply to Defendants, Plaintiffs or Class Members.

59.  Plaintiffs and Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Defendants resulting in FLSA violations.

**c.**  **Defendants did not (and do not) pay Plaintiffs and Class Members overtime in accordance with the FLSA.**

60.  Plaintiffs and Class Members were (and are) required to work overtime hours when requested by Defendants, and were (and are) subject to potential disciplinary action for refusing to work overtime.  *See* ECF No. 56-14.

61.     Plaintiffs and Class Members regularly worked (or work) over forty (40) hours in a workweek as waste disposal drivers.

62.     Plaintiffs and Class Members are compensated by Defendants' Incentive Pay Plans which include day rates, job rates, and piece rates which are combined with other forms of compensation (for example, including but not limited to, lift rates, yards pay, box pay, zone pay, can pay, house pay, helper pay, hourly pay and extra pay).

63.     Defendants' Incentive Pay Plans fail to compensate Plaintiffs and Class Members for all of their "on-the-clock" non-production time.   Some examples of non-production time include landfill waiting time, landfill dumping time, downtime, vehicular mechanical failure, traffic delays, customer service related issues, customer wait time, customer delay time, route delays, manifest changes, and DOT inspections.

64.     Defendants do not compensate Plaintiffs and Class Members for their actual hours devoted to non-production time.   Instead, Defendants base Plaintiffs and Class Members non-production time on estimates of what Defendants believe the non-production time should be. Defendants' practice results in the underpayment of wages and overtime protected by the FLSA.

65.     Defendants' calculation of Plaintiffs' and Class Members' regular rate of pay does not comply with the FLSA because it does not include, as part of the calculation of the regular rate, all compensation owed to Plaintiffs for their "on-the-clock" non-production time.

66.     The FLSA requires non-exempt employees to be compensated for overtime work at the mandated overtime rate.

67.     Plaintiffs and Class Members were (and are) entitled to receive time and one-half compensation for all hours worked over 40 hours in a workweek pursuant to Defendants' pay policy.

68.     As Defendants' employees, Plaintiffs and Class Members were subjected to (or are subject to) the same or substantially similar payment scheme, as described above. *See* ECF Nos. 56-15–22.

**d.     Continuing <u>Deduction of Meal Periods Post-Settlement</u>**

69.     Defendants have a nationwide policy that requires their employees, including Plaintiffs and Class Members, to take a 30-minute meal period each and every workday. *See* ECF No. 56-24.

70.     Defendants were (and are) aware that Plaintiffs and Class Members regularly worked (and work) through their 30-minute meal periods.

71.     When calculating Plaintiffs' and Class Members' hours each pay period, Defendants deducted (and deduct) 30 minutes from Plaintiffs' and Class Members' daily on-the-clock hours.  In other words, for each 5-day workweek, Defendants deducted (and deduct) 2.5 hours from each workweek's total on-the-clock hours.  For a 6-day workweek, Defendants deducted (and deduct) 3 hours from each workweek total on-the-clock hours.

72.     Defendants were aware that Plaintiffs and Class members regularly worked (and work) through the required 30-minute meal period.

73.     Defendants systematic deduction of the 30-minute meal period from Plaintiffs' and Class Members' on-the-clock time resulted (and results) in Plaintiffs and Class Members working overtime hours for which they were (and are) not compensated.

74.     Defendants' systematic deduction of the 30-minute meal period from hours worked in excess of 40 hours per workweek deprived (and deprive) Plaintiffs and Class Members of overtime pay in violation of the FLSA.

75.     Defendants' corporate policy of deducting a thirty-minute meal period from Plaintiffs' each day, even though they know Plaintiffs and Class Members worked through these lunch breaks, constitutes a continuing violation of the FLSA.[2]

76.     Plaintiffs and Class Members were subjected to (and are subject to) the same or substantially similar policy, practice or scheme of having the 30-minute meal period deducted from their on-the-clock time, as described above.

## CAUSE OF ACTION

77.     Plaintiffs and Class Members incorporate by reference all paragraphs and allegations set forth in the statement of facts of the complaint as though fully and completely set forth herein.

78.     Defendants have not maintained accurate compensatory time records for Plaintiff and Class Members as required by the FLSA. 29 U.S.C. § 211(a); 29 U.S.C § 516.2(a)(7). This practice regularly resulted in miscalculation of Plaintiffs' and Class Members' 40 hour workweek. Specifically, Plaintiffs and Class members routinely worked 40 hours before Defendants' time records would show that Plaintiff and Class Members had worked 40 hours in a given workweek. Consequently, hours worked by Plaintiffs and Class members were often counted as straight time hours (under 40 hours), when they should have been counted as overtime hours.

79.     Defendants have violated and continue to violate the FLSA by failing to maintain accurate compensatory time records for Plaintiffs and Class Members.

80.     Defendants have violated and continue to violate the FLSA by denying Plaintiffs

---

[2] The parties settled the portion of the case pertaining to Defendants' automatic meal period deduction on October 28, 2015. However, Defendants have continued (and continue) to automatically deduct thirty minutes from Plaintiffs each workday, despite their knowledge that Plaintiffs actually worked through their lunch breaks on a daily basis.

and Class Members correct overtime pay for all hours worked over 40 hours per workweek.

81.     Defendants have violated and continue to violate the FLSA by denying Plaintiffs and Class Members correct overtime pay by deducting 30-minute meal breaks from their on-the-clock time regardless of whether Plaintiffs and Class Members worked through the meal period for all violations that occurred after the date of the settlement agreement between the parties.

82.     Defendants paid Plaintiffs and Class Members pursuant to a method that does not comply with the FLSA because it does not compensate Plaintiffs for their "on-the clock" non-production time, which results in a miscalculation of the regular rate and underpayment of time and one half overtime pay for each hour worked over 40 hours per workweek.

83.     Accordingly, Plaintiffs and Class Members bring this cause of action under section 216(b) of the FLSA, which allows them to recover all unpaid overtime compensation to which they are entitled, but have not been paid, for the 3-year period preceding the filing of this complaint. 29 U.S.C. § 216(b).

84.     As set forth below, Plaintiffs and Class Members contend that Defendants' conduct in violating the FLSA is willful. Accordingly, Plaintiffs and Class Members seek recovery of all unpaid overtime compensation to which they are entitled, but have not been paid, for the three years preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

85.     Due to the willful nature of Defendants' conduct, Plaintiffs and Class Members seek to recover, as liquidated damages, an amount equal to unpaid overtime wages for the 3 year period preceding the filing of this complaint through the final disposition of this matter—that is, the same period for which unpaid overtime damages are sought. 29 U.S.C. § 216(b).

## DEFENDANTS' CONDUCT IS WILLFUL

86.    Defendants have willfully disregarded and continue to willfully disregard the provisions of the FLSA requiring them to pay Plaintiffs and Class Members proper overtime for for all hours worked.  Defendants' knew that their failure to properly pay overtime to Plaintiffs and Class Members would cause, did cause, and continues to cause financial injury to Plaintiffs and Class Members.  Defendants' actions constitute willful violations under the FLSA and were not made in good faith.

87.    It is standard policy at all of Defendants' Texas locations that if Plaintiffs or Class Members worked over 12 hours in any given workday, they are required to complete a drivers' Department of Transportation "DOT" log sheet. Plaintiffs and Class Members are required by Defendants to show rest breaks and meal breaks on their DOT logs when in fact no rest or meal breaks are taken during the day when they were on-the-clock.

88.    Defendants' policy is to require that Plaintiffs and Class Members complete a daily route sheet that documents each drivers' actual daily time and all work related activities performed while on the clock for that day. Defendants require Plaintiffs and Class Members to turn in their route sheets to the facility dispatcher at the end of every work day.  Regardless of whether Plaintiffs and Class Members took a lunch break on any day, Defendants' standard policy requires Plaintiffs and Class Members to show a 30 minute meal break on their route sheet.

89.    Further, Republic continued to deduct thirty minutes each day from Plaintiffs on-the-clock time even after it had settled those claims with Plaintiffs.  Republic's continued (and continuing violations) of the FLSA are a textbook example of willful conduct.

90.    Defendants' policy of arbitrarily deducting 30 minutes per day from Plaintiffs'

and Class Members' daily time, is in no way isolated to the Corpus Christi facility.  Indeed, Plaintiff Mike Ruiz was a former waste disposal driver in both the Corpus Christi and Austin, Texas facilities and has confirmed that meal period deduction was the same in Austin, Texas as it was/is in Corpus Christi, Texas.  Class Members at Defendants' various facilities throughout the State of Texas continue to report that after the October 28, 2015 settlement, Defendants automatic deductions of 30 minute meal periods, regardless of whether the driver takes a meal break, has not changed.

91.     Defendants' corporate recordkeeping policy only permits Defendants' facilities to retain 3 to 4 months of Plaintiffs' and Class Members' route sheets.  Beyond that, route sheets must be destroyed in accordance with Defendants' corporate policy.

92.     Republic is one of the largest waste disposal and recycling companies in the United States. It is a publicly traded company. Republic is a sophisticated business with the knowledge and expertise to know that the payment scheme used to compensate their waste disposal drivers was and continues to be impermissible under the FLSA. BFI, as a wholly owned subsidiary of Republic, has access to Republic's resources and knowledge regarding an employer's duties and responsibilities toward its employees under the FLSA.

93.     Given the willful nature of Defendants' conduct, including the ongoing meal period deductions since the October 28, 2015 settlement, Plaintiffs and Class Members request this Court permit recovery for any claims during the three years preceding the filing of this complaint through the final disposition of this matter, including liquidated damages, from the filing of this suit. 29 U.S.C. § 255(a).

## SIMILARITY OF PLAINTIFFS AND CLASS MEMBERS

94.     With regard to the FLSA violations asserted in this complaint, Plaintiffs' and

Class Members' experiences are typical of all drivers in Defendants' locations throughout the State of Texas.  Plaintiffs and Class Members throughout the State of Texas are subjected to the same or similar pay schemes created and implemented by Defendants. Plaintiffs and Class Members throughout the State of Texas are similarly situated in the following respects: (1) job duties, (2) pay structure, (3) denial of proper overtime wages, and (4) deduction of wages for meal period time despite working through meal periods.

## **PRAYER**

95.    For these reasons, Plaintiffs and Class Members respectfully pray that this Honorable Court enter all such orders that are necessary to accomplish the following:

a.    all such orders as are necessary, or may become necessary, to protect Plaintiffs and Class Members from Defendants' retaliation for participating in this cause of action; and

b.    all such orders as are necessary, or may become necessary, requiring Defendants to correct their calculation of the regular rate and overtime pay and reform their recordkeeping practices going forward to accurately account for all hours worked by Plaintiffs and Class Members.

96.    Plaintiffs and Class Members respectfully pray that the Court set this matter for trial and, upon final hearing, that the Court enter judgment in their favor, awarding the following:

a.    all amounts owed to Plaintiffs and Class Members for unpaid overtime compensation for all hours worked over 40 hours in a workweek at the applicable time-and-a-half rate;

b.    attorneys' fees and expenses in accordance with the FLSA;

c.    prejudgment and post-judgment interest;

d.    costs of court; and

e.    all such other relief to which they may be entitled, whether it be at law, or in equity, general or special.

Respectfully Submitted,

Anderson2X, PLLC

By:    /s/ Austin W. Anderson
Austin W. Anderson
Federal I.D. No. 777114
State Bar No. 24045189
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361)452-1284

Attorney in Charge for Plaintiffs
and Class Members

Of Counsel:
Rose Vela
 Federal I.D. 13880
State Bar No. 16958050
275 Calle Jacaranda
Brownsville, Texas 78520
Telephone: (956) 248-7673
Facsimile: (866) 596-2346

N. J. Welsh, IV
Federal I.D. No. 620195
State Bar No. 24037691
426 South Tancahua Street
Corpus Christi, Texas 78401
Telephone: (361) 884-1967
Facsimile: (361) 883-0129

Rick Holstein
Federal I.D. No.  426800
State Bar No.  09915150
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 883-8649
Facsimile: (361) 883-3199

Jordan M. Anderson
Federal I.D. No. 612713
State Bar No. 24051002
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 9, 2017, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Austin W. Anderson*
Austin W. Anderson